IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID PAUL RIVERA COLLETTE                                                    PLAINTIFF

v.                              Civil No. 5:22-CV-05216

LIEUTENANT DEREK STAMPS, Benton County Detention Center (BCDC);
NURSE TRACEY ROBISON, Turn Key Health Clinics, LLC;
CORPORAL JOSEPH GULLEY, BCDC;
OFFICER OMRI NUTT, BCDC;
JAIL ADMINISTRATOR MEGAN RUTLEDGE, BCDC                       DEFENDANTS

## MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff David Paul Rivera Collette filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3), the Honorable P.K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

Plaintiff is currently incarcerated as a pretrial detainee at the Benton County Detention Center (BCDC) in Bentonville, Arkansas on pending state criminal charges. (ECF No. 1). The Court previously granted Plaintiff's *in forma pauperis* (IFP) application. (ECF No. 3). This matter is now before the Court for preservice screening under 28 U.S.C. § 1915A *et seq*. of the Prisoner Litigation Reform Act ("PLRA").[1] Pursuant to 28 U.S.C. § 1915A, the Court is required to screen

---

[1] A note about Plaintiff's custody status: A review of the publicly accessible state court records system reveals that Plaintiff has been in custody since on or about August 25, 2022, on a warrant for failure to appear in *State v. David Collette*, 04CR-22-89 (19th West Cir. Div. 2) (Jan. 12, 2022). At the time of the alleged slip-and-fall - the factual predicate of the present 42 U.S.C. § 1983 claim - it appears that Plaintiff was in custody at the BCDC as a pretrial detainee pending state court criminal charges in *State v. David Collette-Rivera* (19th West Cir. Div. 2) (June 9, 2021).

1

any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, and for the reasons set forth below, the undersigned recommends that Plaintiff's conditions-of-confinement claim as well as his claims against Lieutenant Derek Stamps and Jail Administrator Megan Rutledge be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1). Service of remaining claims will be directed by separate Order.

## I.     BACKGROUND

Plaintiff alleges that at approximately 6:00 pm on October 14, 2021, he was in line to obtain a dinner tray at the Benton County Detention Center (BCDC) when he slipped on the wet floor and fell, injuring his knee. (ECF No. 1). Plaintiff says he had no control over his knee bending backwards and while he was able to return to his cell after the fall, he could not make it back downstairs for tray pick up. *Id.*   Plaintiff alleges that his cellmate at that time asked Deputy Gully – the deputy assigned to his cell block – to contact the nurse and helped him down the stairs. *Id.* Plaintiff says Deputy Gully directed him to sit in a chair and a nurse came, examined his knee, and advised she was ordering an x-ray, but his knee was not x-rayed at that time. *Id.*

Plaintiff contends he was then sent back to his cell where he suffered in pain for five days. During this time, Plaintiff allege he contacted medical, and Nurse Tracey Robison said she could not (and did not) take any action because the officers on duty – Deputy Gully and Officer Nutt – did not file an incident report. *Id.*   Plaintiff says he contacted the sergeant but did not get a

---

Because he was a "prisoner" within the meaning of 28 U.S.C. § 1915A(c) when he filed the present action and when the factual predicate of the current claim allegedly transpired, the preservice screening requirement of 28 U.S.C. § 1915A(a) applies. *See, e.g.*, *Domino v. Garland*, 20-CV-2583 (ECT/BRT), 2021 WL 1221188, at *1 (D. Minn. April 1, 2021) (28 U.S.C. § 1915A applies where plaintiff was a prisoner when he filed the action even though he was released while the action was pending) (listing cases). Even if 28 U.S.C. § 1915A(a) did not apply, this complaint would nevertheless be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

response until he contacted Lieutenant Stamps, who falsely reported to him that his knee had been x-rayed at the time of the injury. *Id.* Plaintiff says no one took any action until his sister called to complain; alleges that Benton County has a reputation of erasing kiosk messages and otherwise "covering there [sic] tracks;" and claims he is no longer able to work as a roofer because of his knee injury. *Id.*

Plaintiff's claims resulting from the incident are three-fold: Plaintiff first alleges Deputy Joseph Gully and Officer Nutt failed to maintain a safe housing environment and failed to file an incident report, thereby delaying his access to medical treatment, and violating his constitutionally protected rights. *Id.* at 5. Plaintiff next alleges he was denied proper medical care at the time of the injury in violation of his constitutional rights. *Id.* at 9. Finally, Plaintiff alleges the slip-and-fall was caused by unsafe conditions of confinement, also a constitutional violation. *Id.* at 10. Plaintiff names these defendants in each claim and in both their official and individual capacities and seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted

sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. LEGAL ANALYSIS

#### A. Conditions of Confinement

As a pretrial detainee, this Court analyzes Plaintiff's conditions of confinement claims under the Fourteenth Amendment's Due Process Clause. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 525 n.16 (1979)).

Under this standard, the government may detain defendants pretrial and "may subject them to the restrictions and conditions of a detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). There are two ways to determine whether conditions of confinement rise to the level of punishment. First, "a plaintiff could show that the conditions were intentionally punitive." *Id.* at 538. Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (quoting *Wolfish*, 441 U.S. at 538-39). However, "[n]ot every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.*

Plaintiff says the floors at the BCDC become slippery during meals when detainees get their food trays and liquids spill onto the floors, creating unsafe conditions. (ECF No. 1 at 10). It is well established, however, that a "slip-and-fall," without more, does not amount to a

constitutional concern. *See Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (rejecting as frivolous prisoner's claim that a slip and fall constituted a constitutional violation). At most, Plaintiff's claim – that he slipped on the floor because the BCDC did not put non-stick tape on the floor – amounts to ordinary negligence. *Stearns*, 957 F.3d at 910 n.5 ("lability for negligently inflicted harm is categorically beneath the threshold of constitutional due process") (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). Because negligence in insufficient to establish a claim under §1983, Plaintiff's conditions-of-confinement claim fails as a matter of law.

    **B.**    **Jail Administrator Megan Rutledge and Lieutenant Derek Stamps**

Plaintiff names Jail Administrator Megan Rutledge and Lieutenant Derek Stamps as defendants in this case. Liability under section 1983, however, "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). That link is missing here.

Plaintiff alleges Lieutenant Stamps responded to his grievance – about being denied access to medical care for his injured knee – by falsely stating that Plaintiff's knee already had been x-rayed. Plaintiff, however, offers nothing illustrative of Stamps' personal involvement in his care or his facilitation of or indifference to a constitutional violation. *See McCoy v. Mobley*, 65 F. App'x 582, 2003 WL 21309091, at *1 (8th Cir. June 6, 2003) (summary judgment appropriate where there were no allegations that the prison official, who was not a medical professional, was directly involved in plaintiff's care). Further, Plaintiff "cannot sue for allegedly false statements in a grievance response." *Dockery v. Houston*, 229 F. App'x 428, 428 (8th Cir. 2007) (per curiam) (citing *Buckley v. Burrow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison grievance procedure does not confer substantive rights actionable under § 1983)). Similarly, Plaintiff fails

to allege any facts suggesting that Jail Administrator Megan Rutledge was directly involved in the alleged violations of his constitutional rights. Plaintiff has not plead any facts suggesting that Rutledge was directly involved in or even aware of these conditions which allegedly caused Plaintiff to slip, fall and sustain injuries. In the absence of *any* facts suggestive that Rutledge or Stamps were directly involved in the alleged violation of Plaintiff's constitutional rights, these claims fail.

Furthermore, to the extent Plaintiff attempts to invoke liability against these defendants on the theory that Lieutenant Stamps supervises the remaining defendants or that, as jail administrator, Administrator Rutledge oversees jail operations, "a supervisor is only liable for [her] . . . own misconduct and is not accountable for the misdeeds of [her] agents' under a theory such as respondeat superior or supervisor liability." *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 928 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Accordingly, Plaintiff has failed to establish claims against Jail Administrator Megan Rutledge and Lieutenant Stamps as a matter of law.

## IV. CONCLUSION

Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends the following claims be dismissed without prejudice for failure to state a claim as a matter of law: (1) the conditions-of-confinement claim; (2) any claim against Jail Administrator Megan Rutledge; and (3) any claim against Lieutenant Derek Stamps.

By separate order, the Court will direct service of the complaint on the remaining defendants – Nurse Tracey Robison, Corporal Joseph Gulley, and Officer Omri Nut in their personal and official capacities – with respect to Plaintiff's claims alleging failure to provide him

6

with constitutionally adequate medical care following his slip-and-fall incident on October 14, 2021.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of December 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE