IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID PAUL RIVERA COLLETTE                                                                    PLAINTIFF

v.                                                          Civil No. 5:22-CV-05216-PKH-CDC

NURSE TRACEY ROBINSON, Turn Key Health Clinics, LLC;
CORPORAL JOSEPH GULLEY, BCDC;
OFFICER OMRI NUTT, Bentonville Police Officer                                         DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff David Paul Rivera Collette, an inmate at the Benton County Detention Center (BCDC),[1] filed the above-captioned action *pro se* and pursuant to 42 U.S.C. § 1983. This matter is currently before the Court on Defendant Omri Nutt's First Motion to Stay Case, (ECF No. 27), pursuant to the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. app. § 501 *et seq*. Having received Plaintiff's Response, (ECF No. 32), this matter is now ripe for the Court's consideration. For the reasons outlined below, this Court recommends that all claims against Defendant Gulley and Defendant Nutt be stayed and the claims against Defendant Tracey Robinson concerning the purported delay in Plaintiff receiving medical care immediately following his slip-and-fall be stayed but that any other medical indifference claims against Defendant Tracey Robinson proceed.

The purpose of the SCRA is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of

---

[1] At all times relevant to the factual predicate of this action, Plaintiff was a pretrial detainee at the BCDC pending state criminal charges. *See State of Arkansas v. David Collette*, 04CR-22-89 (Ark. Cir. Ct.) (AOC Public Court Connect). Publicly accessible records show that he has been convicted and sentenced to a term of imprisonment in connection with those charges. *Id.* He remains in custody at the BCDC pending transport to the Arkansas Department of Corrections (ADC) to serve that sentence. *See* Arkansas Department of Corrections, Inmate Search, https://apps.ark.org/inmate_info/index.php (last accessed Apr. 13, 2023).

1

servicemembers during their military service." 50 U.S.C. app. § 502(2).   Here, section 522 of the SCRA applies because Defendant Omri Nutt has received notice of these proceedings[2] and he was in military service at the time he filed his application for a stay. (ECF No. 28-1). *See* 50 U.S.C. app. § 522(a)(1)-(2).   Thus, for the Court to order a stay under 50 U.S.C. § 522(b), the stay application must include: (1) details "stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear;" and (2) documentation from the servicemember's commanding officer "stating that the servicemember's current military duty prevents appearance and that military leave is not authorized." 50 U.S.C. § 522(b)(2)(A)-(B).   Defendant Nutt's application for a stay satisfies these requirements. (ECF No. 28).

Pursuant to 50 U.S.C. app. § 522(b)(1), where, as here, the applicant has properly applied for a stay in the proceedings, the court "*shall* . . . stay the action for a period of not less than 90 days . . ." 50 U.S.C. app. § 522(b)(1) (emphasis added).   Although the Court recognizes that Plaintiff requests that the matter proceed in Defendant Nutt's absence on the grounds that he is adequately represented by counsel, (ECF No. 31), the SCRA leaves this Court with little discretion. Defendant Omri Nutt properly applied for a stay in these proceedings consistent with 50 U.S.C. app. § 522(b)(2).   Accordingly, this Court has no discretion in issuing a stay as to Defendant Nutt. 50 U.S.C. § 522(b)(1). Rather, the question for the Court concerns the length of that stay, and whether the stay applies to Defendant Nutt or extends to his co-defendants— Corporal Joseph Gulley and Nurse Tracey Robinson—as well. *See* 50 U.S.C. app. § 525(b).

The Court first turns to the question of the appropriate length of the stay.   The SCRA

---

[2] On January 3, 2023, Defendant Omri Nutt filed an Answer to the Complaint. (ECF No. 11)

2

authorizes the court to stay the proceedings for as few as 90 days. *See* 50 U.S.C. app. § 522(b)(1). Pursuant to section 522(d), however, "[a] servicemember who is granted a stay of a civil action or proceeding . . . may apply for an additional stay based on continuing material affect of military duty on the servicemember's ability to appear." 50 U.S.C. app. § 522(d)(1).   Under 50 U.S.C. app. § 525(a), moreover, the court may order a stay "for the period of military service and 90 days thereafter, or for any part of that period." Defendant Nutt will be on active duty for approximately 400 days. (ECF No. 27). In a situation such as this, the Court must weigh the Plaintiff's interest in the timely adjudication of his claims against the practical reality that this Defendant will not be available to defend those claims for considerably more than 90 days.   Upon consideration of these competing interests, this Court is persuaded that nothing less than a stay for the length of Defendant Nutt's deployment is appropriate.   In accordance with 50 U.S.C. app. § 525(a), therefore, this Court recommends that these proceedings be stayed as to Defendant Nutt until 60 days after the conclusion of his current active-duty assignment.

    The closer question is whether these proceedings should also be stayed as to one or both of Defendant Nutt's codefendants. As the Court understands it, the Motion to Stay the Proceedings was filed on behalf of the Benton County defendants and, as such, includes Defendant Joseph Gulley. (ECF No. 27).   The Court received no response from Defendant Tracey Robinson. Pursuant to the SCRA, the court may "grant such a stay . . . to a . . . person who is or may be primarily or secondarily subject to the obligation or liability the performance or enforcement of which is stayed, postponed, or suspended." 50 U.S.C. app. § 513(a).   Put differently, "[i]f the servicemember is a co-defendant with others who are not in military service and who are not entitled to relief and protections under [the SCRA], the plaintiff may proceed against those other

defendants with the approval of the court." 50 U.S.C. app. § 525(b).

Plaintiff's Complaint and Supplement set forth two sets of claims: (1) those against Defendants Nutt, Gulley, and Robinson for purportedly delaying Plaintiff's access to medical care immediately following his slip-and-fall; and (2) those against Defendant Robinson for failing to provide constitutionally adequate medical care.[3] (ECF Nos. 1 & 30).

There is a dearth of case law in the Eighth Circuit to guide the Court's analysis in determining whether to stay the case as to some – or all – of Defendant Nutt's co-defendants. Federal courts outside the Eighth Circuit, however, have decided this question by analyzing "whether allowing the case to proceed will prejudice either the absent servicemember or the remaining defendants." *Johnson v. City of Philadelphia*, No. 07-2966, 2007 WL 3342413, at *3 (E.D. Penn. Nov. 6, 2007); *see also Jesus Juarez v. Conwell*, Case No. CV16-07498-BRO (GJS), 2017 WL 10560627, at *4 (C.D. Cal. Feb. 22, 2017) ("The primary consideration [in determining whether to stay the action as to non-military defendants under 50 U.S.C. app. § 525(b)] is whether allowing the case to proceed against the non-military defendants would (1) prejudice the servicemember's defense; and (2) prejudice the non-military defendants' defense.") (citing *Johnson*, 2007 WL 3342413 at *3)). Finding this approach persuasive, this Court will do the same.

In this case, Plaintiff alleges Defendants Joseph Gulley and Omri Nutt delayed his access

---

[3] The Court notes that Defendant Tracey Robinson's name is spelled inconsistently throughout the pleadings. For example, in Defendant Tracey Robinson's Answer to Supplement, (ECF No. 33), she notes that her correct name is "Tracey Robison," but elsewhere in the Supplement her name is spelled "Tracey Robinson." For clarification purposes, Defendant Robinson is directed to file a notice advising the Court and parties of the correct spelling of Defendant Robinson's name. Upon receipt, the docket will be updated to reflect the correct spelling.

to medical care by failing to file an incident report following his slip-and-fall at the BCDC. (ECF No. 30). Indeed, Plaintiff alleges that following the slip-and-fall, Defendant Gulley asked Defendant Nutt what he should do, and Defendant Nutt directed him to escort the Plaintiff back to his cell. *Id.* Further, Plaintiff claims that Defendant Robinson told him that he did not receive medical care because Defendants Gulley and Nutt did not execute an incident report following his fall. *Id.* Considering that Plaintiff alleges Defendants Gulley and Nutt acted together in delaying his access to medical care and that Defendant Robinson then blamed them for that delay, the Court finds Plaintiff's claims against Defendants Gulley, Nutt, and Robinson related to Plaintiff's delay in receiving medical care following his slip-and-fall are so intertwined it would likely prejudice one if claims against others proceeded. Thus, the Court additionally recommends that Plaintiff's claims against Defendant Gulley be stayed and that the claims against Defendant Robinson as they relate to Plaintiff's delay in receiving medical care immediately following his slip-and-fall also be stayed.

As the Court understands it, Plaintiff's claims against Defendant Robinson go further – Plaintiff alleges Defendant Robinson denied him constitutionally adequate medical care in response to his December 30, 2022, medical request. (ECF No. 30). This claim against Defendant Robinson does not appear to implicate the other defendants. Accordingly, the Court recommends that Plaintiff's narrowly alleged medical indifference claims against Defendant Robinson proceed, provided, however, that any claim concerning Defendant Robinson's direct involvement in or responsibility for the alleged delay of medical care following his slip-and-fall should be stayed as noted above.

## CONCLUSION

In sum, the Court **HEREBY RECOMMENDS THAT:** (1) Defendant Omri Nutt's First Motion to Stay Proceedings, (ECF No. 27), be **GRANTED in part, and DENIED in part**; (2) Defendant Omri Nutt's First Motion to Stay Proceedings, (ECF No. 27), should be **GRANTED** with respect to all claims against Defendants Omri Nutt and Joseph Gulley; (3) Defendant Omri Nutt's First Motion to Stay Proceedings, (ECF No. 27), should be **GRANTED** with respect to claims against Defendant Tracey Robinson for her purported role in the delay in providing Plaintiff with medical care following his slip-and-fall; (4) Defendant Omri Nutt's First Motion to Stay Proceedings, (ECF No. 27), should be **DENIED** with respect to claims against Defendant Tracey Robinson for failure to provide constitutionally adequate medical care in response to Plaintiff's December 30, 2022 medical request; (5) Defendant Omri Nutt, through counsel, should update the Court every 120 days with the status of Defendant Nutt's deployment; and (6) the stay should be **LIFTED** no more than 60 days after Defendant Nutt's deployment ends.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of April 2023.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE