IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID PAUL RIVERA COLLETTE                                                                PLAINTIFF

v.                                        Civil No. 5:22-CV-05216-PKH-CDC

LPN TRACEY ROBISON; CORPORAL
JOSEPH GULLEY, BCDC; and OFFICER
OMRI NUTT, BCDC                                                                           DEFENDANTS

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff David Paul Rivera Collette, a prisoner, has filed the above-captioned civil rights matter pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. This matter is currently before the Court on Plaintiff's failure to comply with multiple court orders and to prosecute this case.

## I.     BACKGROUND

The undersigned finds a recitation of the procedural background helpful.

On October 18, 2022, Plaintiff initiated this action, generally alleging that the defendants denied him constitutionally adequate medical care and that the conditions of his confinement at the Benton County Detention Center ("BCDC") violated his constitutional rights. (ECF No. 1). That same day, this Court granted Plaintiff's request to proceed IFP. (ECF No. 3).

Upon preservice review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, this Court recommended that Plaintiff's claims against Defendants Robison, Gulley, and Nutt in their official and personal capacities – for failure to provide him with constitutionally adequate medical care

following his October 14, 2021, slip-and-fall – proceed and that all other claims be dismissed without prejudice. (ECF No. 6). The Court then ordered that the Complaint be served on Defendants Robison, Gulley, and Nutt. (ECF No. 7). U.S. District Judge Holmes adopted the Court's recommendations over Plaintiff's objections. (ECF Nos. 9-10).

Defendants Nutt and Gulley filed their Answers on January 3, 2023, and January 5, 2023, respectively. (ECF Nos. 11, 14). The Court received notice that Defendant Robison had been served on December 16, 2022. (ECF No. 13). When Defendant Robison failed to respond to this lawsuit within 21-days of service as ordered, this Court ordered Defendant Robison to show cause why she should not be found in default. (ECF No. 19). Defendant Robison responded, saying she had not been properly served with the lawsuit, and requesting an extension of time to file an Answer. (ECF Nos. 17-18). This Court granted that request and ordered Defendant Robison to file her Answer by no later than February 7, 2023. (ECF No. 19).

On January 20, 2023, Plaintiff filed a Motion to Amend/Correct the Complaint. (ECF No. 20). On February 7, 2023, Defendant Robison filed an Answer to the Complaint. (ECF No. 22). On February 16, 2023, this Court granted, in part, and denied, in part, Plaintiff's Motion to Amend/Correct the Complaint, allowing Plaintiff to supplement his Complaint with claims that separate Defendant Robison denied his request for medical care in violation of his constitutional rights on December 30, 2022, and January 13, 2023. (ECF No. 23). On March 3, 2023, Defendant Robison filed an Answer. (ECF No. 24).

On March 6, 2023, Defendant Nutt, filed a Motion to Stay the Case pursuant to the Servicemen's Civil Relief Act, 50 App. U.S.C. 501, *et seq.*, on the grounds that he was scheduled to be deployed overseas. (ECF No. 27).

After receiving no response to this Motion from Plaintiff, this Court directed Plaintiff to respond to Defendant Nutt's Motion and directed Plaintiff to supplement his complaint as previously ordered. (ECF No. 29). On April 3, 2023, Plaintiff filed his Supplement, (ECF No. 30) and a response in opposition to Defendant Nutt's Motion to Stay the case. (ECF No. 31). On April 7, 2023, Defendants Gulley and Nutt filed their Response to Plaintiff's Supplement. (ECF No. 32). On April 10, 2023, separate Defendant Robison filed her Response to the Supplement. (ECF No. 33). Separate Defendant Robison filed no response to Defendant Nutt's Motion to Stay the proceedings.

On April 13, 2023, this Court recommended that all claims against Defendants Nutt and Gulley should be stayed, along with claims against separate Defendant Robison stemming from Plaintiff's detention in October 2021 pursuant to the Servicemen's Civil Relief Act, but that Plaintiff's claims against separate Defendant Robison stemming from his December 2022 incarceration should proceed. (ECF No. 34).

On April 17, 2023, this Court ordered that Defendant Robison either file a motion for summary judgment on the issue of whether Plaintiff first exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) by June 1, 2023, or promptly file a notice informing the Court and parties that she did not intend to pursue such a defense at trial. (ECF No. 35). The Court also ordered that discovery be stayed pending resolution of the exhaustion issue. *Id.*

On April 21, 2023, Plaintiff filed a Motion for Discovery, (ECF No. 36), and submitted a change of address on April 26th. (ECF No. 37). On April 27, 2023, this Court denied Plaintiff's Motion for Discovery as premature considering the Court's previous order staying discovery. (ECF No. 36).

On April 28, 2023, Judge Holmes adopted this Court's recommendations on Defendant Nutt's Motion to Stay over separate Defendant Robison's objections. (ECF No. 43). Judge Holmes also ordered that Defendant Nutt, through counsel, "update the Court no less frequently than every 120 days as to the status of his deployment and inform the Court no later than 14 days after his deployment has ended." *Id.*

On June 1, 2023, Defendant Robison filed a Motion for Summary Judgment on the issue of exhaustion, along with a memorandum and statement of facts in support. (ECF Nos. 44-46). The next day, this Court ordered Plaintiff to file a response to that motion by June 23, 2023, and provided instructions on how to respond. (ECF No. 47). On June 20, 2023, Plaintiff filed a Response in Opposition to Defendant Robison's Motion for Summary Judgment and a statement of facts in response. (ECF Nos. 48-49). Then, later the same day, separate Defendant Robison filed a Motion to Withdraw the pending Motion for Summary Judgment. (ECF No. 50).

On June 21, 2023, this Court granted separate Defendant Robison's Motion to Withdraw, denying the Motion for Summary Judgment as moot. (ECF No. 51). On June 27, 2023, Plaintiff filed a supplement in support of his opposition to Defendant Robison's Motion for Summary Judgment. (ECF Nos. 52). On July 6, 2023, this Court entered an initial scheduling order detailing discovery and ordering any motion for summary judgment on the merits to be filed by December 4, 2023. (ECF No. 53).

On August 21, 2023, Plaintiff submitted his second notice of change of address.

On August 22, 2023, this Court received an update on Defendant Nutt's deployment status. (ECF No. 55). On September 21, 2023, Plaintiff submitted his third notice of change of address. (ECF No. 57).

On November 6, 2023, separate Defendant Robison filed a motion to extend the scheduling order deadlines for completing discovery and submitting a motion for summary judgment on the merits. (ECF No. 58). Finding good cause, this Court granted that motion and extended the deadline for completing discovery to January 5, 2024, and directed any motion for summary judgment to be filed by February 5, 2024. (ECF No. 59).

On December 15, 2023, Defendant Nutt submitted an update on his deployment status, saying that he was on "transitional leave" following his return from active duty and that his "transitional leave" would end on January 7, 2024. (ECF No. 60).

On February 5, 2024, separate Defendant Robison filed a Motion for Summary Judgment, and statement of facts and memorandum in support. (ECF Nos. 61-63). The next day, this Court ordered Plaintiff to file a response to that Motion for Summary Judgment by February 27, 2024, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 64). When that deadline passed with no response from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's orders. (ECF No. 65). Plaintiff's response to the show cause order was due March 25, 2024. *Id.*

On April 3, 2024, this Court directed Defendant Nutt to update the Court by April 18, 2024, on whether his "transitional leave" did, in fact, end as expected. (ECF No. 66). On April 4, 2024, the copy of the Court's order to show cause sent to Plaintiff was returned as undeliverable. (ECF No. 67). Pursuant to the Local Rules and the Court's Order dated October 18, 2022, Plaintiff's updated contact information was due May 6, 2024, failing which this matter would be subject to dismissal for failure to prosecute. *See* (ECF No. 3). On April 29, 2024, the Court's order directing Plaintiff to respond to separate Defendant Robison's Motion for Summary Judgment also was

returned as undeliverable, with no forwarding address. (ECF No. 69). "Paroled" was written on the envelope received by the Clerk. *Id.*

As of May 6, 2024, Plaintiff has failed to update the Court with his current address. In fact, despite actively prosecuting this case in its early stages, Plaintiff has not communicated with the Court since September 21, 2023, when he submitted his third change of address.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with three court orders: the Court's order directing him to update the court with his current address within thirty (30) days of such a change (ECF No. 3); the

Court's order directing him to respond to separate Defendant Robison's Motion for Summary Judgment (ECF No. 64); and the Court's show cause order. (ECF No. 65). Thus, Plaintiff has failed to prosecute his claims against separate Defendant Robison stemming from his December 2022 incarceration.

Further, Plaintiff's mail has been returned as undeliverable. More than thirty days have elapsed since the Court first received Plaintiff's returned mail, and Plaintiff has failed to update the Court with his current contact information. Thus, Plaintiff has failed to prosecute his lawsuit. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that this entire action be dismissed without prejudice.

## IV.  CONCLUSION

In sum, this Court recommends that this entire action be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court orders and failure to prosecute this case. *See* Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

STATUS OF REFERRAL: NO LONGER REFERRED

DATED this 9th day of May 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE